IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Robert Marc Zeidman <br> 15565 Swiss Creek Lane <br> Cupertino, CA 95014 <br><br>     Plaintiff, <br>  v. <br><br> TERESA STANEK REA, in her official <br> capacity as Acting Under Secretary of <br> Commerce for Intellectual Property and Acting <br> Director of the United States Patent and <br> Trademark Office <br><br> Office of General Counsel <br> United States Patent and Trademark Office <br> P.O. Box 15667 <br> Arlington, VA 22215 <br><br> Madison Building East, Room 10B20 <br> 600 Dulany Street <br> Alexandria, VA 22314 <br><br>     Defendant | } } } } } } } } } } } } } } } } } } } } } } } } | Civil Action No. <br><br> 13-cv-724 |

**COMPLAINT**

For its Complaint against the Honorable Teresa Stanek Rea, in her official capacity as Acting Director of the United States Patent and Trademark Office, Plaintiff, Robert Zeidman, through below listed counsel, states as follows:

**NATURE OF ACTION**

1. Plaintiff, Robert Marc Zeidman ("Zeidman"), the inventor of United States Patent No. 8,316,390 ("the '390 patent") seeks to have the patent term of the '390 patent recalculated to correct the patent term adjustment ("PTA") under the USPTO's erroneous application of 35

Page -1-

U.S.C. § 154(b).  Plaintiff seeks a judgment that the PTA for the '390 patent be changed from 2,354 days to 3,758 days, an increased adjustment of 1,404 days.

2.  This is an action under 35 U.S.C. § 154(b) for review of patent term adjustments made by the Director of the United States Patent and Trademark Office ("PTO"), and for alternative relief under the Fifth Amendment to the United States Constitution.

3.  The PTO's patent term adjustments challenged in this case were based on an erroneous interpretation and/or application of 35 U.S.C. §154(b).

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over this action and is authorized to issue the relief sought pursuant to 28 U.S.C. §§1331, 1338(a) and 1361 and 35 U.S.C. §154(b)(4)(A).

5.  Venue is proper in this district under 35 U.S.C. § 154(b)(4)(A).

## THE PARTIES

6.  Plaintiff Zeidman is an individual having a principal residence at 15565 Swiss Creek Lane, Cupertino, CA 95014.

7.  Defendant Teresa Stanek Rea ("the Director") is the Acting Under Secretary of Commerce for Intellectual Property and Acting Director of the USPTO, acting in her official capacity.  The Director is the head of the USPTO and is responsible for superintending or performing all duties required by law with respect to the granting and issuing of patents, and is designated by statute as the official responsible for determining the period of patent adjustments under 35 U.S.C. § 154.

**FACTS**

8. Mr. Robert Marc Zeidman is the inventor of record of patent application number 09/767,819, which issued as the '390 patent.

9. Section 154 of 35 U.S.C. requires that the USPTO Director grant a PTA per the provisions of Section 154(b). More specifically, 35 U.S.C. § 154(b)(3)(D) states that "[t]he Director shall proceed to grant the patent after completion of the Director's determination of a patent term adjustment under the proceedings established under this subsection, notwithstanding any appeal taken by the applicant of such determination."

10. Under 35 U.S.C. § 154(b)(1), an applicant is entitled (subject to certain conditions and limitations) to PTAs for the following reasons:

   a. If the USPTO fails to take certain actions during the patent examination and issue process within specified time frames, 35 U.S.C. §154(b)(1)(A), which are known as the A delays;

   b. If the USPTO fails to issue a patent within three years of the actual filing date of the application, 35 U.S.C. § 154(b)(1)(B), which are known as the B delays; and

   c. For delays due to interference, secrecy order, or successful appellate review, 35 U.S.C. § 154(b)(1)(B), which are known as the C delays.

11. Moreover, 35 U.S.C. § 154(b)(1) also provides that "[t]o the extent that periods of delay attributable to grounds specified in [35 U.S.C. § 154(b)(1)] overlap, the period of any adjustment granted under this subsection shall not exceed the actual number of days the issuance of the patent was delayed." Finally, any applicant delays are subtracted from the actual PTA.

12. From the enactment of 35 U.S.C. § 154(b) to the Federal Circuit's decision in *Wyeth v. Kappos*, 591 F.3d 1364 (Fed. Cir. 2010), the USPTO incorrectly calculated PTAs by giving an

applicant the greater of the A delay or B delay, but not both. In Wyeth, the Federal Circuit held that the both the A delay and the B delay must be included in the PTA calculation, and that the USPTO had been incorrectly calculating PTAs.

13. On February 1, 2010, the USPTO published official notice in the Federal Register to notify the public that it was modifying its computer software to calculate the PTA for a patent per the method described in the Wyeth decision. In its official notice, the USPTO announced it would recalculate PTAs for patents issued before March 2, 2010, if filed within 180 days of the day the patent was granted.

14. The '390 patent issued on November 20, 2012, and was granted a patent term adjustment of 2,354days by the PTO under 35 U.S.C. § 154(b).

15. The '390 patent is entitled to a patent term adjustment of 3,758 days rather than the 2,354 days originally calculated by the PTO.

16. The miscalculation by the PTO has wrongly taken and deprived Zeidman of valuable intellectual property rights including the right to exclude others from making, using, offering to sell, or selling in the U.S. or importing into the U.S. the invention claimed in the '390 patent for 1,404 additional days.

17. On January 18, 2013, Zeidman submitted a request for Recalculation of the patent term adjustments for the '390 patent.  The Request for reconsideration remains pending.

## COUNT 1

### APPEAL OF PATENT TERM ADJUSTMENT DETERMINATION

18. Plaintiff repeats and realleges paragraphs 1-17 of this Complaint as if fully stated herein.

19. The USPTO erroneously calculated that the PTA for the '390 patent as 2,354days,

through and erroneous application of 35 U.S.C. §154(b)(3) as to the patent term adjustments for the '390 patent.

20. The Defendant's determination of the patent term adjustments for the '390 patent was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law under 5 U.S.C. §706(2)(A).

21. The Defendant's determinations of the patent term adjustments for the '390 patent was in excess of statutory jurisdiction, authority, or limitations, or short of statutory right under 5 U.S.C. §706(2)(C).

22. The USPTO's determination of the PTA of 2,354 days is in error, in that the USPTO improperly excluded non-overlapping delays, contrary to the requirements of 35 U.S.C. §154(b).

23. The total PTO Delay should be calculated as 3,896 days (i.e., the sum of 881 days of "A Delay," 1,240 days of "C Delay," and 3,225 days of "B Delay" minus 1,450 days of overlap) and total Applicant Delay should be calculated as 138 days, resulting in a total PTA calculated as 3,758 days.

## COUNT 2
## TAKINGS CLAUSE

24. Plaintiff repeats and realleges paragraphs 1-21 of this Complaint as if fully stated herein.

25. To the extent that relief is available under Count 1, the Defendant's determinations of the patent term adjustments for the '390 patent violated the Takings Clause of the Fifth Amendment of the U.S. Constitution.

## COUNT 3
## DUE PROCESS

26. Plaintiff repeats and realleges paragraphs 1-21 of this Complaint as if fully stated

herein.

27. To the extent that relief is available under Count 1 or Count 2, the Defendant's determinations of the patent term adjustments for the '390 patent violated the Due Process Clause of the Fifth Amendment of the U.S. Constitution.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to:

a. Issue an Order that directs the USPTO to increase the patent term adjustment for the '390 patent term by 1,404 days, namely, from 2,354 days to 3,758 days, and requiring Defendant to alter the term of the '390 patent to reflect the changed adjustment; and

b. Grant such other and further relief as the Court deems just, fair, and equitable.

Respectfully Submitted:

/s/ Joseph J. Zito
Joseph J. Zito
DNL ZITO
1250 Connecticut Ave., NW
Suite 200
Washington, D.C. 20036
(202) 466-3500
jzito@dnlzito.com